DISTRICT OF COLUMBIA v. BERBERICH.

(Court of Appeals of District of Columbia. Submitted May 4, 1925. Decided June 1, 1925.)

No. 4181.

1. District of Columbia ⬳27—Commissioners chargeable with negligence in allowing streets to become unsafe.

Commissioners of District of Columbia, charged with duty of maintaining streets in proper condition, are chargeable with negligence in allowing them to become unsafe.

2. District of Columbia ⬳36—Evidence held to warrant finding negligence in failing to properly light column supporting viaduct over street.

Evidence showing failure on part of commissioners of District of Columbia to so light column supporting railroad viaduct over street as to make it visible on dark and foggy night, held to sustain finding of negligence and liability for resulting loss to automobile driver.

Appeal from Supreme Court of District of Columbia.

Action by Joseph A. Berberich against the District of Columbia. Judgment for plaintiff, and defendant appeals. Affirmed.

F. H. Stephens and Ringgold Hart, both of Washington, D. C., for District of Columbia.

Leon Tobriner and B. U. Graham, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee, plaintiff below, about 8 p. m. on November 24, 1920, while driving an automobile westward on Rhode Island avenue, in the city of Washington, struck the east column of the viaduct of the Baltimore & Ohio Railroad crossing over Rhode Island avenue, killing his son and practically destroying his car. This action is to recover damages for loss sustained from the destruction of his car. From a judgment in favor of the plaintiff, defendant, the District of Columbia, appeals.

It appears that the viaduct was supported by two rows of columns. The center of Rhode Island avenue between the lines of columns was utilized for street railway tracks, and the two roadways on either side thereof for vehicular traffic, one east and one west. The record discloses that the east column of the viaduct was 4.25 feet from the north rail of the west-bound railroad track; that the distance from the column across the north driveway to the north curb

of the avenue was 13.4 feet. Plaintiff was proceeding west on Rhode Island avenue, using the railway track as a guide, and moving his automobile parallel to and about 3 feet from the north rail; continuing this course, his automobile struck the column head on.

The testimony discloses that there is a depression in the street at the point where the viaduct crosses, and that, in damp or wet weather, fog or mist settles about the viaduct, which renders it difficult of observation in the nighttime by persons approaching along the avenue. It appears that the north roadway through the viaduct was lighted by three lamps—one near each end, and one in the center. The negligence charged by the plaintiff against the District is failure to properly light the columns and supports of the viaduct to attract the attention of persons driving in the nighttime to the presence and location of the pillars, columns or supports. While there is some conflict in the testimony as to the condition of the atmosphere in and about the viaduct at the time of the accident, there was evidence to the effect that it was a thick, dark night, and that, owing to the condition of the lighting, it would be difficult for one approaching to discover the column. It further appears that this was the first time that the plaintiff had driven along the avenue. He was, of course, wholly unaware of existing conditions from prior familiarity with the street.

It is contended by counsel for the District that the municipality is not charged by law with so maintaining its public highways as to safeguard against all accidents. In other words, it is not an insurer against accidents on the public highways. Stress is laid upon the concession that the viaduct was a lawful structure and that no claim is made that it was a dangerous obstruction in the daytime —the complaint being confined to the condition existing in the nighttime. While the adoption of a system for lighting the streets is undoubtedly discretionary with the authorities charged with that duty, plaintiff's claim is not grounded upon a defective system, but rather on a defect in the system at the point where the accident occurred. However perfectly the city at all other points may have been illuminated, it is asserted that at this point in the street the lighting was so inadequate as to create a dangerous situation, the maintenance of which amounted to negligence.

[1, 2] It is settled law in this district that the commissioners, being charged with the duty of maintaining the streets in proper

condition, are chargeable with negligence in allowing the streets to become unsafe. Unsafe conditions may result from improper lighting, as well as from a defect in the street, and the degree of lighting required will depend upon existing conditions. In the present case, as clouds and mist settled in wet or damp weather about the viaduct, the District was charged with the duty of meeting this emergency by proper and sufficient lighting facilities. The lights are for protection on cloudy and dark nights, as well as moonlight nights. In other words, lights are for night protection, and should be of sufficient strength and in such position as to meet every ordinary emergency. The jury, therefore, was not required to pass on the number and character of the lights, but from the evidence whether the lighting at the time of the accident was sufficient to make the place reasonably safe. In other words, whether the lighting, under the conditions existing in the nighttime in and about the viaduct, was adequate to render the place reasonably safe for the traveling public. This seems to have been the theory upon which the case was submitted to the jury, and we think the evidence was sufficient to support the submission.

The judgment is affirmed, with costs.